# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 4657 | DATE | NOV - 9 2000 |
| CASE TITLE | Alma Cabrera, Individually and as Special Administrator of the Estate of Vanessa Angelica Palomino, a minor, deceased v. Advocate Health and Hospital Corporation, D/B/A Trinity Hospitals-Advocate, Chicago Family Health Center, Inc., f/k/a and d/b/a Claretian Medical Center of South Chicago, Inc., Merry Demko, M.D., Wei Hsu, M.D., and R.K. Dutta, M.D. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, For the reasons set forth above, the Court grants the United States' motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1). [Doc. #3-1, Doc. #4-1].

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| No notices required, advised in open court. | |
| No notices required. | number of notices |
| Notices mailed by judge's staff. | NOV 13 2000 |
| Notified counsel by telephone. | date docketed |
| X Docketing to mail notices. | |
| X Mail AO 450 form. | docketing deputy initials |
| Copy to judge/magistrate judge. | |
| vg(lc) courtroom deputy's initials | date mailed notice |
| | Date/time received in central Clerk's Office |
| | mailing deputy initials |

FILED FOR DOCKETING
00 NOV -9 PM 4:37

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Alma Cabrera, Individually and as Special Administrator of the Estate of Vanessa Angelica Palomino, a minor, deceased<br><br>Plaintiff,<br><br>v.<br><br>Advocate Health and Hospital Corporation, D/B/A Trinity Hospitals-Advocate, Chicago Family Health Center, Inc., f/k/a and d/b/a Claretian Medical Center of South Chicago, Inc., Merry Demko, M.D., Wei Hsu, M.D., and R.K. Dutta, M.D.<br><br>Defendants. | No. 00 C 4657<br><br>HONORABLE DAVID H. COAR<br><br>DOCKETED<br>NOV 1 3 2000 |

## MEMORANDUM OPINION AND ORDER

Before this court is the United States of America, by its attorney Scott R. Lassar, United State Attorney for the Northern District of Illinois, motion to substitute the United States as a party defendant in place of defendants Family Health Center, Inc., f/k/a Claretian Medical Center of South Chicago, Inc. ("Claretian") and motion to dismiss plaintiff Alma Cabrera ("plaintiff" or "Cabrera") complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). For the following reasons, the United States motion to dismiss is GRANTED.

### Statement of Facts

Cabrera filed a complaint on her own behalf and as the Special Administrator of the

1

Estate of her deceased daughter, Vanessa Angelica Palomino ("Palomino") in the Circuit Court of Cook County. In the complaint, Cabrera seeks damages for injuries allegedly suffered by Cabrera and Palomino as a result of alleged medical malpractice that occurred during Cabrera's labor and Palomino's birth on May 10 and 11, 1998 at Trinity Hospitals-Advocate. The complaint names various defendants, including Chicago Family Health Center, Inc., f/k/a Claretian Medical Center of South Chicago ("Claretian"), Merry Demko, M.D. ("Dr. Demko") and Wei Hsu, M.D. (" Dr. Hsu"). Dr. Demko and Dr. Hsu are the physicians who provided medical care to Cabrera on May 10 and 11, 1998.

On July 31, 2000, the United States removed the case to federal district court, pursuant to 28 U.S.C. § 1441, stating that the federal district court had jurisdiction over Plaintiff's complaint. Specifically, the United States claimed that because the tort action against Claretian, Dr. Demko, and Dr. Hsu was one against a federal employees acting within the scope of their employment, it was an action under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. § 2671, and the United States should be substituted for those defendants pursuant to 28 U.S.C. § 2679(d). At that time, the United States filed letters from the U.S. Department of Health and Human Services stating that Claretian to be an employee of the Public Health Service pursuant to 42 U.S.C. § 233 and a Certification by a delegate of the Attorney General, stating that Dr. Demko and Dr. Hsu were acting within the scope of their employment at the time of the events alleged in plaintiff's complaint.

The United States removed this medical malpractice action from the Circuit Court of Cook County on the ground that three of the named defendants, Claretian, Dr. Demko, and Dr. Hsu are deemed employees of the United States Public Health Service. This court denied

plaintiff's motion to remand. (See Minute Order, Doc. No. 12).

**Legal Standard**

Rule 12(b)(1) provides for dismissal of claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon the federal court. See In re Chicago, Rock Island & Pacific R.R. Co., 794 F.2d 1182, 1188 (7th Cir.1986). In reviewing a 12(b)(1) motion to dismiss, the court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. See United Transp. Union v.. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir.1996), citing Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir.1989), cert. denied, 493 U.S. 1046 (1990). The plaintiff bears the burden of establishing that the jurisdictional requirements have been met. See Kontos v. United States Dep't of Labor, 826 F.2d 573, 576 (7th Cir.1987). When a party moves for dismissal pursuant to Rule 12(b)(1), the nonmoving party must support its allegations with competent proof of jurisdictional facts. See Thomson v. Gaskill, 315 U.S. 442, 446 (1942). With these principles in mind, the court evaluates the United States' motion.

**Analysis**

Presently, the United States is moving to dismiss the FTCA action, claiming that the federal court lacks subject matter jurisdiction because of plaintiff's failure to file an administrative claim with the appropriate federal agency and her failure to exhaust her administrative remedies. The plaintiff argues that the defendants are not federal employees and thus this action neither falls under the FTCA nor may the United States substitute itself for as a defendant. As such, the plaintiff maintains that the United States' motion to dismiss for lack of

3

subject matter jurisdiction under the FTCA must fail. This court agrees with the United States and grants its motion to dismiss.

Actions for alleged negligence or wrongful acts or omissions of federal employees are covered by the provisions of the Federal Tort Claims Act ("FTCA"). 28 U.S.C. § 2671 et seq.; see 28 C.F.R. Parts 14 and 15; see 45 C.F.R. Part 35. The exclusive remedy for any tort claims against employees of the United States must be pursued in accordance with the terms of the FTCA. 42 U.S.C. § 233(g). The Federally Supported Health Centers Assistance Act of 1992 (Pub. L. 102-501) ("FSHCAA") extends FTCA's coverage to federally supported health centers and their employees for acts or omissions that occurred on or after January 3, 1997, or the date on which the health center is deemed eligible for FTCA coverage, whichever is later. 42 U.S.C. § 233.

Section 2679(d)(1) of the FTCA permits that upon certification by the Attorney General or her delegate that an individual defendant was acting within the scope of his employment, the tort claim "shall be deemed to be an action against the United States ... and the United States shall be substituted as the party defendant." 28 U.S.C. S 2679(d)(1); see Bartoli v. Attorney Registration and Disciplinary Commission of Illinois, No. 97 C 3412, 1998 WL 596694 (N.D. Ill. Sept 2, 1998).

Although upon certification the plaintiff bears the "burden of showing that the [defendant's] conduct was not within the scope of employment," Hamrick v. Franklin, 931 F.2d at 1211, such a burden is inapplicable to the question of whether an individual defendant is a federal employee. See Ezekiel v. Michel, 66 F.3d 894, 900 (7th Cir.1995). Whether the defendant is a federal employee under the FTCA is a question of federal law. See Quilico v.

4

Kaplan, 749 F.2d 480, 483 (7th Cir.1984), citing Logue v. United States, 412 U.S. 521, 528 (1973). The language of the FTCA's certification provision assumes that the defendant is a federal employee, and thus, the certification is only relevant to whether the named defendant was acting within the scope of his federal employment, not whether the defendant was a federal employee. See Ezekiel, 66 F.3d at 899-900. Here, plaintiff does not suggest that Dr. Demko or Dr. Hsu exceeded the scope of their scope of employment but rather, that they are not a federal employee employees.

The U.S. Department of Health and Human Services, Bureau of Primary Health Care, deemed Claretian eligible for FTCA coverage on May 3, 1994. Thus, Claretian, along with its employees and certain contractors, are covered by the FTCA during the time of the alleged incidents.

The plaintiff alleges that since the purported tortious conduct occurred on the premises of co-defendant Trinity Hospital, rather than at Claretian's clinic, Dr.Demko and Dr. Hsu were not acting on behalf of Claretian at the time of the events on May 8-11, 1998. (Plaintiff's Response to U.S. Motion for Substitution and to Dismiss at ¶ 5 ("Response").) The plaintiff argues that the strict control test should govern the question of whether Dr. Demko and Dr. Hsu are employees of the United States. (Id. at ¶ 5).

The plaintiff's arguments, however, are unnecessary. The U.S. Department of Health and Human Services has deemed Claretian to be employee for the purposes of 42 U.S.C. § 233(h). Therefore, under the statute, Claretian's officers and employees as well as any of its contractors who are physicians or other licensed or certified health care practitioners, are also considered government employees. 42 U.S.C. § 233(g)(1)(A); 42 C.F.R. § 6.4. As certified employees of

5

Claretian who were acting within the scope of their employment during the alleged activities, Dr. Demko and Dr. Hsu are employees of the United States.

As the plaintiff does not offer any evidence to controvert the United States' Certification stating that Dr. Demko and Dr. Hsu were employees of Claretian, this court finds that Dr.Demko, Dr. Hsu and Claretian were all federal employees covered by the FTCA at time of the alleged events. As such, the court must allow the United States' substitution and dismiss Claretian, Dr. Demko, and Dr. Hsu from this action.

As the substituted party, the United States moves to dismiss this action for lack of subject matter jurisdiction as a result of plaintiff's failure to first present her FTCA claim to the appropriate federal agency and her failure to exhaust her administrative remedies. The FTCA is unambiguous in its language that an "action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." McNeil v. United States, 508 U.S. 106, 111 (1993), quoting 28 U.S.C. S 2675(a). Because plaintiff fails to demonstrate or even assert that she first presented her FTCA claim to the appropriate federal agency, her claim would be premature and improper before this court. See McNeil, 508 U.S. at 111. This Court lacks subject matter jurisdiction to hear her claim and thus, dismisses it.

## Conclusion

For the reasons set forth above, the Court grants the United States' motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed.R.Civ.P. 12(b)(1).

Enter:

_David H. Coar_

David H. Coar

United States District Judge

Dated: NOVEMBER 9, 2000